# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON DEECK, | : | |
|     *Plaintiff, pro se* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-5061 |
| | : | |
| C/O MR. SERODY, *et al.*, | : | |
|     *Defendants* | : | |

# M E M O R A N D U M

**QUIÑONES ALEJANDRO, J.**                                                                   **NOVEMBER 5, 2019**

*Pro se* Plaintiff Brandon Deeck, a prisoner[1] who was formerly confined at the George W. Hill Correctional Facility ("GWH") and is now incarcerated at Chester County Prison, has brought a civil rights Complaint based on events that occurred at GWH. He has also filed a Motion to Proceed *In Forma Pauperis*. Named as Defendants are Correctional Officer Serody, Doctor Phillips, Correctional Officer Ebowa, and Warden Burns. Because it appears that Deeck is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.     FACTS

Deeck's handwritten Complaint is difficult to read. He appears to assert that, from February 23, 2018 to April 22, 2019 while he was in custody at GWH, he had to sleep on the floor in a "boat" — a type of temporary bed — with two other inmates in a cell designed to hold only

---

[1]     It is unclear from his Complaint whether Deeck was in custody as a pretrial detainee or a convicted inmate when the events he described occurred.

1

two inmates. He claims that Defendant Serody told him if he did not use the boat he would "suffer extreme consequences." (ECF No. 3 at 2.)[2] He claims that he fell while getting out of his boat and injured his back. He was taken to an "outside hospital on the compound" where he was treated by Dr. Phillips. (*Id.*) However, Deeck also contradictorily asserts that Defendant Phillips refused to treat him but ordered him to be transported to Jefferson Hospital for treatment of his injury.

When he was returned to his cellblock after getting treatment and was assigned to the same boat, Deeck complained to Serody who threatened him with "imminent danger and serious physical injury." (*Id.* at 3.) He alleges that Defendant Ebowa threatened him as well. Serody and Ebowa then placed him in a cell naked and began making sexually explicit comments. (*Id.*) Deeck makes no factual assertions about Defendant Burns.

## II. STANDARD OF REVIEW

The Court will grant Deeck leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Deeck is proceeding

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] However, as Deeck is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

*pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III. DISCUSSION

Section 1983 of Title 42 of the United States Code provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### A. Claims Involving Conditions of Confinement

The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs

claims brought by pretrial detainees. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). As Deeck's status during his incarceration is not clear from the Complaint, the Court will analyze his claim under both Amendments.

Pretrial detainees are protected from "punishment" by the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Unconstitutional punishment, be it under the Eighth Amendment applicable to convicted prisoners or the Fourteenth Amendment applicable to pretrial detainees, typically includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* (citing *Wilson*, 501 U.S. at 298; *Bell*, 441 U.S. at 538-39, 539 n.20). In general, the subjective state of mind requirement is one of deliberate indifference, meaning officials must be "'aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'" *Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (per curiam) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must establish that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010) (stating that the Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials provide "humane conditions of confinement."). Such necessities include food, clothing, shelter, medical care and reasonable safety. *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000). A prisoner must also establish that the defendants acted with deliberate indifference. *Farmer*, 511 U.S. at 835.

Deeck appears to assert a conditions of confinement claim based on his allegation that he had to sleep in temporary bedding on a floor of a two-man cell occupied by three inmates for a period of two months. Deeck has not alleged a plausible constitutional violation because he has not alleged that the overcrowded conditions or sleeping in a boat deprived him of a basic need. Nor do the conditions he describes, while far from ideal, constitute an objectively serious deprivation or punishment. Housing multiple inmates in a cell or on temporary bedding does not alone establish a constitutional violation. *See, e.g., North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) ("Double or triple-bunking of cells, alone, is not per se unconstitutional."); *Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (per curiam) ("The critical issue for Eighth Amendment purposes is not the number of prisoners who share facilities; rather, it is whether the alleged overcrowding has somehow harmed the prisoner."); *Hubbard v. Taylor*, 538 F.3d 229, 232-35 (3d Cir. 2008) (triple-celling of pretrial detainees, some of whom were made to sleep on floor mattresses for three to seven months, and housing of detainees in gym, weight room, and receiving area due to overcrowding, did not amount to punishment); *Walker v. George W. Hill Corr. Facility*, Civ. A. No. 18-2724, 2018 WL 3430678, at *3 (E.D. Pa. July 13, 2018) (concluding that prisoner plaintiff's claims that "he was forced to share a cell with two other individuals and that he was forced to sleep on the floor inside what was described as a boat unit" and that "his sleeping area was a very unhealthy and unsanitary space two feet from the toilet bowl" failed to state a Fourteenth Amendment claim with respect to allegations of overcrowding). Thus, Deeck's Complaint fails to state a plausible claim. However, because Deeck may be able to

cure the defects the Court has noted, he will be permitted an opportunity to file an amended complaint.[4]

## B. Deliberate Indifference Claims Involving Medical Needs

Deeck also appears to allege that Defendant Phillips was deliberately indifferent to his serious medical needs. As alleged, this claim is also not plausible. "Where prison officials know of the prisoner's serious medical need, deliberate indifference will be found where the official '(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment.'" *Bearam v. Wigen*, 542 F. App'x 91, 92 (3d Cir. 2013) (per curiam) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)); *see also Montgomery v. Aparatis Dist. Co.*, 607 F. App'x 184, 187 (3d Cir. 2015) (per curiam) ("Delay or denial of medical care violates the Eighth Amendment where defendants are deliberately indifferent to a prisoner's serious medical need."). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

Deeck's deliberate indifference allegations are not plausible because they do not meet this standard. Deeck concedes, notwithstanding his bald allegation that Phillips refused to treat him, that he received treatment at the prison and was treated at Jefferson Hospital due to his medical complaint. Accordingly, his deliberate indifference to serious medical needs claim will be

---

[4] In the accompanying Order, Deeck will be permitted to file an amended complaint. Should he choose to continue the action by filing an amended complaint, Deeck should take care to comply with Rule 8 by providing enough information to put each Defendant he names therein on sufficient notice to prepare their defense and ensure that the Court is sufficiently informed to determine the issue.

dismissed pursuant to § 1915(e)(2)(B)(ii). Deecks will be granted leave to attempt to amend this claim as well if he is able to cure the defects the Court has identified.

## C. Claim Based on Threats

Deeck seeks money damages against Defendants Serody and Ebowa based on verbal threats of physical harm and sexually explicit comments they allegedly made. The fact that Deeck received threats of bodily harm does not state a § 1983 claim because verbal threats or taunts, without more, are insufficient to violate the Constitution. *See Dunbar v. Barone*, 487 F. App'x 721, 723 (3d Cir. 2012) (holding that threats that inmate was a "marked man and that his days were numbered" did not state Eighth Amendment claim); *McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001) (holding that threat to spray inmate with mace did not violate Eighth Amendment); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.").

The allegations involving sexually explicit comments while Deeck was unclothed likewise fail to state a plausible claim. Notably, Deeck does not allege that the conduct involved contact or touching — it was nothing more than verbal comments. Nor does he allege that the comments caused him to suffer physical pain or how long he was in the cell unclothed. Although the United States Court of Appeals for the Third Circuit "has not specifically addressed the circumstances under which a correctional officer can be held liable for the sexual harassment of an inmate," courts elsewhere have held that "sexual harassment in the absence of contact or touching does not establish excessive and unprovoked pain infliction" as is required to state a claim for a constitutional violation. *Chambliss v. Jones*, Civ. A. No. 14-2435, 2015 WL 328064, at *3 (M.D. Pa. Jan. 26, 2015) (citations omitted); s*ee also*, *Bower v. Price*, Civ. A. No. 17-1473, 2018 WL 1334985, at *3 (M.D. Pa. Mar. 15, 2018) (collecting cases and holding that alleged verbal sexual

7

harassment alone does not give rise to a constitutional violation); *Boxer X v. Harris*, 437 F.3d 11107, 1111 (11th Cir. 2006) (finding that solicitation of a prisoner's masturbation, even under the threat of retaliation does not violate the Eighth Amendment); *Morales v. Mackalm*, 278 F.3d 126, 129 (2d Cir. 2002) (finding that a demand for sex in front of other female staff does not rise to the level of an Eighth Amendment violation), *overruled on other grounds in Porter v. Nussle*, 534 U.S. 516 (2002); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) ("To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind.") (citation omitted). While the behavior alleged by Deeck on the part of Serody and Ebowa may be inappropriate, without allegations of direct physical contact or pain resulting from the comment, it does not rise to the level of a constitutional violation. *Chambliss*, 2015 WL 328064, at *3. Accordingly, dismissal of the claim that Serody and Ebowa sexually harassed Deeck is warranted, albeit with leave to amend to the extent that Deeck can allege circumstances sufficient to trigger liability.

### D. Claims Against Warden Burns

Deeck makes no factual assertions regarding Warden Burns. Thus, to the extent Deeck seeks to state a claim against him based upon Burns's own actions, the claim fails to comply with Rule 8. Other than listing Burns in the caption of the Complaint, Deeck never mentions him again. Thus, to the extent Deeck seeks to state a claim against him based upon Burns's own actions, the claim is not plausible.

To the extent that Deeck has named Burns as a defendant based upon his position as the warden of GWH, there are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First,

a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* Deeck makes no allegations that would show a policy and deliberate indifference, or direct participation in the events he describes in his Complaint. Accordingly, the claim against Warden Burns is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 8. Deeck will be permitted leave to amend this claim as well if he can cure the defects the Court has noted.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Deeck leave to proceed *in forma pauperis* and dismiss his Complaint. Deeck is granted leave to file an amended complaint in accordance with the Court's Order accompanying this Memorandum in the event he can cure the defects in his claims.

An appropriate Order follows.